UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARSHALL D. BANKS,<br><br>Defendant. | Criminal Action No. 12-10 (JDB) |

## MEMORANDUM OPINION & ORDER

In 2012, defendant Marshall Banks pleaded guilty to one count of misprision of a felony under 18 U.S.C. § 4. Jan. 13, 2012 Plea Agreement [ECF No. 5]. In his plea agreement, Banks agreed "to be jointly and severally liable to make restitution in the amount of $392,000 to all victims" of his criminal conduct. Id. at 6. Subsequently, this Court sentenced Banks to thirty-six months of probation, and ordered that he pay $392,000 in restitution to the District of Columbia government. Mar. 22, 2013 Judgment [ECF No. 21] ("Judgment") at 2-4. He now moves to modify the conditions of his probation: specifically, he requests that this Court find his restitution requirement satisfied on payment of an amount less than $392,000. Mot. to Modify Conditions of Probation [ECF No. 21] ("Def.'s Mot.") at 23. In the alternative, he requests credit for payments he made under a settlement agreement with the District of Columbia and for all other payments made by him and two jointly and severally liable individuals. Id. The government opposes the motion. For the reasons described below, the Court will deny Banks's motion.

## BACKGROUND

Banks founded Langston 21, a "non-profit organization dedicated to fostering educational advancement through youth participation in sports." Gov't's Opp'n to Def.'s Mot. [ECF No. 36]

1

("Gov't's Opp'n") at 2. Along with James Garvin, a Langston 21 board member, he accepted $392,000 in public grant funds on behalf of the organization. Id. Banks and Garvin then arranged for $306,000 of that sum to be paid to entities controlled by former D.C. Council Member Harry Thomas, Jr., who spent those funds for his own personal benefit. Id. Even though Banks became aware of Thomas's intent to misappropriate the funds, he continued to participate in the arrangement, leading to the criminal charges to which he pleaded guilty. Id.

Banks, Garvin, and Langston 21 entered into a settlement agreement in 2011 with the District of Columbia. Def.'s Mot. at 10. That agreement called for a payment of $86,000 to the District of Columbia—the amount of the $392,000 retained by Langston 21 after paying funds to Thomas's entities. Id. The agreement also provided that Banks could satisfy up to $30,000 with proof that Langston 21 spent the funds in accordance with the grant's purposes. Id. at 11. Banks and Garvin have since paid the District of Columbia $56,000, and the District has credited them with $16,361 based on documentation that funds were spent appropriately. Id. at 13 n.3. The parties are in discussions regarding credit for the remaining amount, based on documentation that Banks has submitted. Id.

Since he was sentenced, Banks has been paying $400 per month in restitution, consistent with his sentence. Def.'s Mot. at 13. Now, because of the settlement and restitution payments, he seeks modification of this Court's restitution order: He requests that this Court find his restitution obligations complete upon satisfaction of the settlement agreement with the District of Columbia. Id. at 23. Alternatively, he requests credit toward the total amount of restitution for certain payments, including the payments under the settlement agreement. Id.

**DISCUSSION**

With the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A et seq., Congress established a detailed scheme authorizing (and, in many circumstances, mandating) restitution orders. This Court sentenced Banks to probation and, pursuant to the MVRA, ordered that he pay restitution to the District of Columbia. Judgment at 1-5. Restitution orders are "explicit condition[s] of a sentence of probation." 18 U.S.C. §§ 3563(a), 3563(a)(6)(A). Because a court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation," Banks contends that this Court may adjust its order of restitution—specifically, by effectively reducing his overall payment obligations. § 3563(c); see also Fed. R. Crim. P. 32.1(c) (requiring hearing in most circumstances before court modifies probation conditions).

The matter, however, is not so straightforward. Section 3563(c) goes on to provide that a court may modify probation conditions "pursuant to . . . the provisions applicable to the initial setting of the conditions of probation." § 3653(c). Here, the provision applicable to the initial setting of the probation condition at issue—the restitution order—is section 3664. In turn, section 3664(o)[1] "provides the means by which an order of restitution may be altered." United States v. Wyss, 744 F.3d 1214, 1217 (10th Cir. 2014).

---

[1] Section 3664(o) provides:
(o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
    (1) such a sentence can subsequently be—
        (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
        (B) appealed and modified under section 3742;
        (C) amended under subsection (d)(5); or
        (D) adjusted under section 3664 (k), 3572, or 3613A; or
    (2) the defendant may be resentenced under section 3565 or 3614.

3

Those means are as follows. An order of restitution may be corrected within fourteen days after sentencing for "arithmetical, technical, or other clear errors." Fed. R. Crim. P. 35(a); § 3664(o)(1)(A). It may be modified or corrected on appeal under section 3742. § 3664(o)(1)(A). It may be amended under section 3664(d)(5) because losses were not ascertainable at the time of sentencing. § 3664(o)(1)(C). The manner in which restitution must be paid may be adjusted under section 3664(k). § 3664(o)(1)(D). The rate at which a defendant must make payments may be accelerated on default under sections 3572 and 3613A. § 3664(o)(1)(D). And under sections 3565 and 3614, a court may resentence or revoke the probation of a defendant who violates his probation conditions. § 3664(o)(2). Importantly, none of these means are applicable here, and section 3664(o) lists no other means by which a court may modify a restitution order.

No matter, argues Banks. In his view, the general authority granted in section 3563(c) to modify probation conditions authorizes this Court to alter its restitution order. But section 3563(c) provides that a court may modify probation conditions only after taking into account other, more specific provisions providing for the setting of those conditions in the first instance. See § 3563(c) (court may modify conditions "pursuant to . . . the provisions applicable to the initial setting of the conditions of probation"). In other words, section 3563(c) incorporates the more specific provisions in section 3664 by reference, and those provisions provide only limited circumstances under which a restitution order can be modified. Hence, section 3653(c) provides no independent basis for altering a restitution order. It is a general grant of authority to modify probation conditions that, by its own terms, is limited by more specific grants of authority to impose (and in some cases modify) those conditions. See Adirondack Med. Ctr. v. Sebelius, 740 F.3d 692, 698 (D.C. Cir. 2014) (noting "'basic principle of statutory construction that a specific statute . . . controls over a general provision . . . particularly when the two are interrelated and

closely positioned'" (quoting HCSC-Laundry v. United States, 450 U.S. 1, 6 (1981))); Wyss, 744 F.3d at 1219 ("'specific statutory provisions prevail over more general provisions' absent clear congressional intent to the contrary" (quoting United States v. Burke, 633 F.3d 984, 989 (10th Cir. 2011) (internal quotation marks omitted)))).

Few courts have considered this precise issue, and the D.C. Circuit is not among them, but those few courts mostly agree that section 3664(o) sets out the only sources of authority to modify a restitution order. The only court of appeals to have squarely considered and decided the issue, the Tenth Circuit, held in United States v. Wyss, 744 F.3d 1214 (10th Cir. 2014), that section 3563(c) does not authorize a district court to modify a restitution order because section 3664(o) provides the sole bases for doing so. Id. at 1218-19. Similarly, the Fourth Circuit has gone right up to the water's edge on the issue, noting that "[the Court is] extremely skeptical that Congress intended that granting district courts the general authority to modify probation provisions would allow courts to bypass the much more specific scheme Congress created concerning modification of restitution, essentially rendering the scheme a nullity in a wide range of cases." United States v. Grant, 715 F.3d 552, 558 (4th Cir. 2013) (noting Congress's stated purpose to "replace an existing patchwork of different rules governing orders of restitution under various Federal criminal statutes with one consistent procedure" (quoting S. Rep. 104–179, at 12 (1995), reprinted in 1996 U.S.C.C.A.N. 924)); see also United States v. Bratton-Bey, No. 13-7566, 2014 WL 1284832, at *1 (4th Cir. Apr. 1, 2014) (unpublished per curiam opinion) ("A sentence imposing a restitution order is a final judgment that may not be modified absent one of [the] several enumerated exceptions [in section 3664(o)]." (citing Grant, 715 F.3d at 557)); United States v. Serrapio, No. 12-14897, 2014 WL 2750347, at *7 (11th Cir. June 18, 2014) (noting that section 3653(c) "does not provide carte blanche for a district court to change all

aspects of the probationary sentence it originally imposed"). Several district courts in other circuits have also found section 3664(o)'s list of means to modify a restitution order to be comprehensive. United States v. Nelson, No. 03-80712, 2013 WL 3381436, at *1 (E.D. Mich. July 8, 2013) ("[O]nce a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3664(o)."); United States v. Hamburger, 414 F. Supp. 2d 219, 224-225 (E.D.N.Y. 2006) (finding that court was "without authority to reduce its restitution order as a modification of the terms of probation" and thus denying defendant's motion under section 3563(c)); United States v. Peterson, No. 2:08-mj-16, 2010 WL 1052336, at *2 (D.N.D. Mar. 19, 2010) (magistrate judge opinion) (denying government's motion to modify restitution amount under section 3563(c) where it could not satisfy any of the section 3664(o) factors).

In the face of this authority, Banks relies heavily on United States v. Pelletier, 382 F. Supp. 2d 160 (D. Maine 2005). There, the court (1) held that it was not authorized to amend the judgment and reduce the total amount of restitution due because none of the section 3664(o) circumstances were present; yet (2) granted defendant's motion to modify his probation conditions, finding that he had satisfied the restitution order on paying a lower amount to the victim. Id. at 161-62. Effectively, the court reasoned that even though it could not alter the judgment to reflect a lower restitution amount, it could modify the defendant's probation condition—specifically, the restitution order—to find it satisfied on payment of that lower amount.

Setting aside the seemingly contradictory reasoning, Pelletier is distinguishable. The Pelletier court explicitly relied on the fact that both the government and the victim in that case consented to a finding that payment of the lower amount would satisfy the restitution order. Id. at 162. Neither has so consented here, and hence "a motion to modify condition of release" is not

6

"an appropriate vehicle," nor would it "reach [a] commonly desired end." Id. at 161. And in Pelletier, the court viewed the defendant's motions under sections 3664(o) and 3653(c) as raising entirely distinct questions—notwithstanding section 3653(c)'s incorporation of more specific provisions such as section 3664. Because in this case neither the government nor the victim consents, and because the Court finds Pelletier's reasoning unpersuasive—particularly in light of the authority discussed above—the Court rejects Banks's argument.[2]

Banks next points to a provision he sees as similar to section 3664(o)—section 3562(b), relating to the imposition of a probation sentence. It is indeed constructed similarly: just as section 3664(o) provides that a sentence with a restitution order is a final judgment even though it may be altered for a, b, and c reasons, section 3562(b) provides that a sentence of probation is a final judgment even though it may be altered for x, y, and z reasons. Aha! says Banks: neither provision references section 3563(c), which authorizes the modification of probation conditions. Thus, argues Banks, applying the government's logic, because section 3562(b) does not reference section 3563(c) either, section 3653(c) provides no authority to modify the conditions of any sentence of probation, because section 3562(b) applies to all probation sentences. That would render section 3563(c) a nullity—hence, the government's argument must be wrong. But it is obvious why section 3562(b) does not mention section 3563(c): the latter provision does not authorize the modification of a probation sentence itself, rather it authorizes just the modification of conditions of a probation sentence. So the omission of section 3653(c) in section 3562(b) (dealing with probation sentences) means only that section 3563(c) does not authorize a court to modify a probation sentence. Nor does it purport to do so.

---

[2] Banks also cites other cases to support the proposition that courts retain the authority to modify probation conditions to reflect changed circumstances. See, e.g., Def.'s Mot. at 14-15. But those cases do not address the precise issue of whether the more specific provisions in section 3664(o) are the exclusive means to modify a restitution order.

Explained another way: section 3562(b) provides that a probation sentence is a final judgment, even though that sentence may be modified in a number of ways, and section 3562(b) lists the ways. Section 3664(o) provides that a probation sentence with a particular condition—a restitution order—is a final judgment, even though that condition may be modified in a number of ways, and section 3664(o) lists the ways. Neither provision mentions section 3563(c), which provides that a court may modify probation conditions, subject to the provisions under which those conditions were initially set. And section 3562(b) naturally omits section 3563(c) when listing ways to alter a <u>probation sentence</u>, because section 3563(c) provides authority to modify <u>conditions</u> of a probation sentence, not the sentence itself. Section 3664(o), on the other hand, omits section 3563(c) from its list of ways to modify one specific probation condition. While section 3563(c) provides that courts generally may modify probation conditions, it also instructs courts to look to "the provisions applicable to the initial setting of the conditions of probation." Section 3664 is such a provision, and section 3664(o) limits modification of the restitution condition to enumerated circumstances. In doing so, the provision understandably does not refer back to a general grant of authority (section 3653(c)) broader than all of the enumerated circumstances combined.

In short, reading section 3664(o) and section 3652(b) as comprehensive lists of ways to modify a restitution order and a probation sentence, respectively, comports with congressional intent. Section 3562(b)'s omission of section 3653(c) from its list of ways to modify a probation sentence means only that a section about modifying <u>conditions</u> of a probation sentence cannot be invoked to modify the probation sentence itself—not, as Banks suggests, that section 3563(c) cannot be invoked to modify conditions of that sentence. <u>See</u> Def.'s Reply [ECF No. 37] at 5. Likewise, Congress created a detailed scheme authorizing a particular condition of probation—

8

restitution—and delineated limited circumstances in which a court may modify that condition notwithstanding the general authority in section 3653(c) to modify conditions. See Adirondack Med. Ctr. v. Sebelius, 740 F.3d at 698.

Banks is correct about one thing: "[A]n order of restitution is both a final judgment and a [condition] of probation, and . . . the court retains the ability to modify the terms of the restitution order even though the order is also final." Def.'s Reply at 6. That is a succinct description of how section 3664(o) operates: it provides that a sentence with a restitution order is a final judgment even though the restitution order may be modified—<u>but only under 3664(o)'s specific methods</u>. Section 3653(c) is not among them. Hence, the Court rejects Banks's argument that section 3563(c) authorizes the Court to modify its restitution order. In so concluding, the Court joins the several courts to have considered the issue, and holds that because none of the circumstances listed in section 3664(o) applies here, this Court lacks authority to modify Banks's restitution order.[3] See, e.g., Wyss, 744 F.3d at 1218-19.

Banks requests in the alternative that "the total restitution owed to the District should be reduced by the [amounts] that the District has already received, and should be reduced by any further payments the District has received from any of the defendants, whether those amounts were paid through a civil settlement, restitution, or recovery of the proceeds of a forfeiture proceeding." Def.'s Reply at 9. In support of this request, Banks points to section 3664(j)(2), which provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a civil proceeding. "The purpose of § 3664(j)(2) is to prevent double recovery by a victim." United States v. Stanley, 309 F.2d 611, 613 (9th Cir. 2002); see United States v. Sheinbaum, 136 F.3d

---

[3] Although the Court concludes that it does not have authority to modify the restitution order in these circumstances, the court of appeals might, under 18 U.S.C. § 3742. See §§ 3664(o)(1)(A), (B).

443, 449 (5th Cir. 1998) ("to avoid double-counting, a district court must reduce the size of its restitution order by any amount received by the victim as part of a civil settlement").

But section 3664(j)(2) also provides for reduction in the amount of restitution owed "only in the narrowest circumstance." Wyss, 744 F.3d at 1219. Unfortunately for Banks, that circumstance is not present here. Section 3664(j)(2) "applies only 'to compensatory damages recovered by a victim in a civil proceeding <u>after</u> a court enters a restitution order'" United States v. Joseph, 743 F.3d 1350, 1355 (11th Cir. 2014) (quoting United States v. Ruff, 420 F.3d 772, 775 (8th Cir. 2005)); see also United States v. Bright, 353 F.3d 1114, 1122 (9th Cir. 2004) ("§ 3664(j)(2), by its own terms, only comes into play <u>after</u> the district court has already ordered restitution in the full amount of the victim's loss" (quoting United States v. Alalade, 204 F.3d 536, 540 n.4 (4th Cir. 2000)) (emphasis added)); United States v. Smith, 297 F. Supp. 2d 69, 73 (D.D.C. 2003) ("By its very terms, section 3664(j)(2) applies only to compensatory damages that the victim recovers <u>after</u> a court enters a restitution order in a civil proceeding.") (emphasis added). That presents a problem for Banks: he settled with, and paid, the District of Columbia (the victim in this case) for the same loss months <u>before</u> the Court entered the restitution order. So the Court has no authority under section 3664(j)(2) to reduce the amount Banks must pay. Cf. Smith, 297 F. Supp. 2d at 73 (where victim recovered amounts before court ordered restitution, section 3664(j)(2) "d[id] not affect the court's ability to grant the defendants' motion" on another basis).

Unfortunately, this puts Banks and Thomas in different positions: Thomas too settled with the District of Columbia before his sentencing, but he informed the Court of that relevant detail at the time of his sentencing. As a result, the Court credited him for the amounts he paid the victim: it ordered that Thomas owed restitution in an amount reflecting the District's full

10

loss, but that his payments made under the settlement agreement prior to sentencing would be credited towards that amount. In other words, because Thomas disclosed his payments to the District while this Court was determining the proper amount of restitution, the Court was able to take them into consideration. For some unknown reason, Banks did not disclose the settlement before or during his sentencing. And Banks is apparently still content to keep the Court in the dark as to why, even going so far as to frame his new willingness to reveal the pre-existing settlement as a "change in circumstance." See Def.'s Mot. at 13 ("At the time the Court sentenced Banks, it did not have the opportunity to review the Settlement Agreement"); id. at 19 ("To the extent the District's Settlement Agreement with Dr. Banks was not presented to the Court at the time of his sentencing or discussed in sufficient detail, the Court did not have the benefit of the victim's opinion of the harm it suffered at the time the Court imposed restitution."); Def.'s Reply at 3 ("At Dr. Banks's sentencing hearing, the Court may not have had the opportunity to review the District's settlements with Dr. Banks and Councilman Thomas, a factor which could constitute a change in circumstance."); id. ("This Court, which may not have had this information previously, . . ."); id. at 8 ("This fact, which was not disclosed to the Court at the time of sentencing, . . .").

Defendants bear the burden of establishing the proper amount of offsets to be applied to a restitution order at the time of sentencing. United States v. Malone, 747 F.3d 481, 486 (7th Cir. 2014) (noting that "the defendant is in the best position to know what he has returned to the victim and has the strongest incentive to litigate the issue"); United States v. Bryant, 655 F.3d 232 (3d Cir. 2011); United States v. Elson, 577 F.3d 713, 734-35 (6th Cir. 2009); United States v. Sheinbaum, 136 F.3d 443 (5th Cir. 1998); see also 18 U.S.C. § 3664(e) ("The burden of demonstrating such other matters as the court deems appropriate shall be upon the party

designated by the court as justice requires."). And in fact, courts find waiver where defendants fail to establish offsets with sufficient evidence, even if the result is to entitle victims to a double recovery. In United States v. Sheinbaum, 136 F.3d 443 (5th Cir. 1998), defendants presented evidence of a settlement agreement with the victim. Id. at 449. But defendants did not provide any evidence as to the amount paid to the victim under the settlement agreement. Id. The court, finding the burden of proof to establish an offset to be on defendants, see section 3664(e), held that defendants waived their offset claim even though the result would be a double recovery. Id. at 449-50; see also United States v. Elson, 577 F.3d at 734-35 (citing Sheinbaum's waiver analysis with approval). Similarly, in United States v. Bryant, 655 F.3d 232 (3d Cir. 2011), the court found that, because it was defendants' burden to prove at the time of sentencing offsets for payments already made, the district court did not abuse its discretion in not applying any offsets. Id. at 254. Here, Banks did not present any evidence of payments under the settlement agreement (or even of the settlement agreement itself) at the time of sentencing. He thus waived the issue. And even if he had not waived the issue, the limited circumstances in which a court may apply an offset to a restitution order—those in section 3664(j)(2)—are not present here.

To sum up: a court must order restitution in the full amount of a victim's loss. § 3664(f)(1)(A). At the time of sentencing, a defendant bears the burden to show that the victim has already recovered some of that loss from him, for example under a settlement agreement. See § 3664(e). The issue of offsetting pre-sentencing compensation to a victim, then, is to be addressed at the time of sentencing, as it was in Thomas. Once a court includes a restitution order in a sentence, that order may be modified only in limited circumstances not present here, as explained above. Section 3664(j)(2) addresses the issue of offsetting post-sentencing victim compensation. That section does not apply here. So, because Banks waived his opportunity to

offset the settlement payments at the time of sentencing, and because those payments were all made before the restitution order was entered, the Court has no authority now to offset those payments against the amount Banks owes under the restitution order.

This is, to be sure, an unsatisfactory result. Perhaps in recognition of that fact, at least one court has canvassed the MVRA and found its presumption against double recovery to be sufficiently strong to support an offset for pre-sentencing compensation. See Smith, 297 F. Supp. 2d at 73. This Court finds Smith to be unpersuasive in that regard. And however unsatisfactory the result may be, this Court is bound to apply the law. Considering the specific and detailed scheme governing restitution orders and adjustments, lacking any specific authority to offset the pre-sentencing settlement payments to the District at this point, and finding that Banks waived his offset claim, the Court will deny his motion to offset the amounts already paid to the District of Columbia under the settlement agreement.

Banks also requests that he be given credit for payments by the other defendants who are jointly and severally liable for the restitution amount. That is consistent with the Judgment, which notes that "Credit shall be given for payments by defendant or others who are jointly and severally liable for restitution amount," and lists James Garvin and Harry Thomas as jointly and severally liable. Judgment at 5. As the Judgment already provides for the relief he seeks, this Court need not order anything further. Upon consideration of [21] defendant's motion, the government's opposition, applicable law, and the entire record herein, and for the reasons explained, it is hereby

**ORDERED** that [21] defendant's motion is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: August 4, 2014